United States District Court
Southern District of Texas
ENTERED

AUG 28 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
AUG 27 1998
Michael N. Milby, Clerk

#26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TEXAS BANK & TRUST, | § | CIVIL ACTION |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | NO. B-98-017 |
| RAY R. MARCHAN, <u>in personam</u>, | § | |
| and The Oil Screw PICHORA, | § | |
| her engines, tackle, apparel, | § | |
| etc., <u>in rem</u>, | § | |
| Defendants | § | ADMIRALTY |

## ORDER AUTHORIZING INTERLOCUTORY SALE

On this 13th day of August, 1998, came on to be heard the Motion of Plaintiff, TEXAS BANK & TRUST (now TEXAS STATE BANK), to reconsider an Order denying its (previous) Motion for the interlocutory sale of The Oil Screw PICHORA, Official No. 990970, in the above-captioned proceeding.

The Court -- having considered said Motions and the pleadings in this action, along with the arguments of Plaintiff's counsel (the only party and attorney appearing at such hearing) -- makes the following findings:

1 - All parties to this proceeding (Plaintiff, Defendants and Intervenor) were notified of this hearing, through counsel.

2 - Although Defendants' counsel requested this hearing, and was notified of same by the Court Clerk, he did not appear at this hearing; Intervenor's counsel did not appear but by telephone

ORDER AUTHORIZING INTERLOCUTORY SALE - PAGE 1

conferences indicated that his client would join in Plaintiff's motions.

3 - Defendants did not respond (in writing) to the said Plaintiff's Motion To Reconsider Order Denying (Its) Motion For Interlocutory Sale, filed July 7, 1998 with the Court (as of August 13, 1998).

4 - Although an earlier order of this Court (an Agreed Order Accepting The Filing Of Ad Interim Stipulation For Value, Special Bond And Order Of Release Of Vessel), dated February 24, 1998, released the Defendant in rem (The Oil Screw PICHORA) from arrest and seizure initiated in this maritime foreclosure action by Plaintiff, pursuant to a Special Bond of the Defendant in personam (which was not "backed" by sureties), such order specifically required the maintenance of insurance on the vessel (which "backed" the bond and protected the sole collateral for the loan).

5 - Although a thirty (30) day binder of insurance was obtained by Defendants (which expires, by its terms, on August 17, 1998), such insurance lapsed, after said order (the Agreed Order of February 24, 1998) issued, prior to July 7, 1998, leaving no insurance upon the vessel and no "back-up" for the Special Bond, although hurricane season has commenced.

6 - The underlying debt, a First Preferred Ship's Mortgage Note (in the original sum of $375,000.00), matured (after one

ORDER AUTHORIZING INTERLOCUTORY SALE - PAGE 2

extension) on July 19, <u>1997</u>, but such matured debt has not been discharged; such Note is secured by the Defendant <u>in rem</u> under a First Preferred (Ship's) Mortgage upon said vessel.

7 - Whether used a great deal (which is understood to be the case) or just sitting in port (and exposed to the elements), the vessel, as a type of personal (i.e., non-real) property, depreciates over time, and thus, same deteriorates or decays, as contemplated by Rule E(9)(b) of the Supplemental Rules For Certain Admiralty And Maritime Claims.

Therefore, the said Plaintiff is entitled to the interlocutory sale of the vessel, and as such, the Court is of the opinion that the said Motions of the Plaintiff should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the United States Marshal of this District be and is hereby ordered and directed to sell The Oil Screw PICHORA, her engines, tackle, apparel, furniture, etc., at a public auction to the highest bidder, free and clear of all liens, encumbrances and preexisting claims on the said vessel, in accordance with the following conditions (in accordance with Local Rule 17 of the United States District Court for the Southern District Of Texas):

1 - Said sale will be held on Tuesday, <u>September 22</u>, 1998 at 10:00 A.M., at the offices of the United States Marshal, at the United States Courthouse, 500 East 10th Street,

ORDER AUTHORIZING INTERLOCUTORY SALE - PAGE 3

Brownsville, Texas 78520, after publication of a notice of sale to be arranged by the United States Marshal.

2 - Said sale should be advertised by a public notice concerning the substance of this Order to be published in The Brownsville Herald in accordance with the policies and procedures of the United States Marshal for the Southern District Of Texas, Brownsville Division.

3 - The successful highest bidder for such vessel shall deposit with the United States Marshal of this District at the close of said sale an amount equal to at least ten (10%) percent of the purchase price of the vessel, in the form of cash, cashier's check or cash equivalent, with the payment of the balance of the purchase price of the said vessel to be made to the said United States Marshal of this District, in the form of cash, cashier's check or cash equivalent, within seven (7) days of the consummation of the sale or within such further time as may be allowed by the Court; in the event of a default by the said bidder in consummating the said purchase, the deposit will be forfeited and placed in the registry of this Court pending further orders of this Court.

4 - Said sale shall be "as is, where is," and free and clear of all liens, encumbrances or preexisting claims on the vessel, whether recorded or otherwise.

ORDER AUTHORIZING INTERLOCUTORY SALE - PAGE 4

5 - The vessel presently lies afloat at or near Port Isabel, Cameron County, Texas, and those interested in inspecting the vessel can do so by making arrangements with the owner, Defendant RAY R. MARCHAN (Telephone: 956/546-0333), or the United States Marshal (as appropriate).

6 - The purchaser of said vessel shall be a United States citizen as defined by the laws of the United States Of America, as amended, or if not, shall within such time as may be allowed by the Court attain the consent of the relevant federal authorities to the sale of said vessel, and the purchaser shall bear all expenses of insurance for, or care and custody of the vessel during the time required to obtain such consent; if the purchaser is not a United States citizen as defined above and fails to obtain the said consent of the United States Government within the time allowed by the Court, the deposit shall be forfeited and placed in the registry of this Court pending further orders of this Court.

7 - If one other than the Plaintiff (TEXAS BANK & TRUST, now TEXAS STATE BANK) is the highest bidder, then the proceeds of said sale shall remain in the registry of this Court pending further orders of this Court.

8 - Notwithstanding any of the foregoing, Plaintiff TEXAS BANK & TRUST (now TEXAS STATE BANK) is hereby authorized, at its option, but is not required, to bid up to the amount of its

ORDER AUTHORIZING INTERLOCUTORY SALE - PAGE 5

unpaid First Preferred (Ship's) Mortgage claim on said vessel (including principal, interest, attorney fees, court costs, sale expenses and related expenses) without the payment of any cash, provided that the United States Marshal's costs, commissions and expenses, and all outstanding court costs, including all publication costs, are satisfied.

9 - The highest bidder may designate in writing its nominee to be named as the purchaser on the Marshal's Bill Of Sale.

10 - Notwithstanding any of the foregoing, the said sale shall also address the claim of PERFORMANCE DIESEL, INC., the Intervenor herein, who holds a recorded maritime lien against the vessel, secondary to that of the Plaintiff (to the extent Plaintiff's claim is satisfied by such sale).

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that, because of the said lapse in insurance coverage, Plaintiff TEXAS BANK & TRUST (now TEXAS STATE BANK) is specifically authorized (but is not required) to place insurance on the vessel for the period until the said vessel is sold, as directed and set forth above, and further, at its option, but is not required, to have the vessel readied for such sale (to increase its value).

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that, because of the lack of insurance coverage, the need for the Plaintiff to extend such coverage, the commencement of hurricane season and the lack of sureties on the Special Bond enabling the release of the

ORDER AUTHORIZING INTERLOCUTORY SALE - PAGE 6

vessel from seizure, the vessel, as the sole collateral for both the bond and the debt, is not adequately protected, and as such, pending the sale above (this vessel not being under the custody of the United States Marshal or a Substitute Custodian), the Defendant in personam, or any agent, representative or person acting in concert with him, shall not remove the Defendant in rem (the vessel) from its berth or mooring in or outside Port Isabel, Cameron County, Texas, and must surrender all keys or other security controls to or for the vessel to the United States Marshal, pending the sale above.

DONE this 27th day of August, 1998 at Brownsville, Texas.

_____
UNITED STATES MAGISTRATE JUDGE

ORDER AUTHORIZING INTERLOCUTORY SALE - PAGE 7