32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 8 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| TEXAS BANK & TRUST, | § | CIVIL ACTION |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | NO. B-98-017 |
| RAY R. MARCHAN, in personam, | § | |
| and The Oil Screw PICHORA, | § | |
| her engines, tackle, apparel, | § | |
| etc., in rem, | § | |
| Defendants | § | ADMIRALTY |

## AGREED JUDGMENT

On the 8 day of October, 1998, came on to be heard the above-styled and numbered cause, wherein TEXAS BANK & TRUST (now TEXAS STATE BANK) is Plaintiff, RAY R. MARCHAN, in personam, and The Oil Screw PICHORA, her engines, tackle, apparel, etc., in rem, are Defendants, and PERFORMANCE DIESEL, INC., is an Intervenor.

The Plaintiff appeared by and through its attorney of record, the Defendants appeared by and through their attorney of record and in person (the Defendant in rem), and the Intervenor appeared by and through its attorney of record, and the parties announced to the Court that the parties had resolved all matters in controversy between them and requested that the Court enter this Agreed Judgment.

The Court, after considering the pleadings on file, the evidence presented and the argument of counsel, finds that the resolution of this matter is just and fair.

AGREED JUDGMENT - PAGE 1

To this extent, the Court is of the opinion that the Plaintiff is entitled to recover of and from the said Defendants, RAY R. MARCHAN and The Oil Screw PICHORA, etc., the sum of THREE-HUNDRED FORTY-SEVEN THOUSAND, ONE-HUNDRED FIFTY-SEVEN AND 38/100THS ($347,157.38) DOLLARS (consisting of $316,845.57 principal and $30,311.81 interest [as of September 4, 1998]), with interest payable at the rate of $86.8070 per diem from September 5, 1998 until the date of judgment.

The Court is also of the opinion that the Defendants are not entitled to recover anything of and from the said Plaintiff, TEXAS BANK & TRUST (now TEXAS STATE BANK), whether in the form of a set-off or a counterclaim, and should take nothing by Defendants' Counterclaim.

The Court is also of the opinion that the Intervenor is entitled to recover of and from the said Defendants, RAY R. MARCHAN and The Oil Screw PICHORA, etc., the sum of THIRTEEN-THOUSAND, TWO-HUNDRED FORTY AND 91/100THS ($13,240.91) DOLLARS, with interest payable at the rate of SIX (6%) PER CENT from December 30, 1996 until the date of judgment.

    *    *    *

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff, TEXAS BANK & TRUST (now TEXAS STATE BANK), shall have and recover from the Defendants, RAY R. MARCHAN and The Oil Screw

AGREED JUDGMENT - PAGE 2

PICHORA, etc., the sum of THREE-HUNDRED FORTY-SEVEN THOUSAND, ONE-HUNDRED FIFTY-SEVEN AND 38/100THS ($347,157.38) DOLLARS.

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that the Judgment hereby rendered in favor of the said Plaintiff as against the said Defendants shall bear interest at the rate of $86.8070 per diem from September 5, 1998 (which is the date used to calculate the amount of principal and interest due in this proceeding) until the date of judgment, and thereafter, at the rate of TEN PER CENT (10%) until paid.

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that the said Plaintiff have and recover from the said Defendants reasonable attorney fees in the sum of THIRTY-FIVE THOUSAND AND NO/100THS ($35,000.00) DOLLARS for services rendered through the entry of judgment in this case.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Defendants, RAY R. MARCHAN and The Oil Screw PICHORA, etc., take nothing by their Counterclaim, and that Plaintiff be in all things discharged and go hence without day.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Intervenor, PERFORMANCE DIESEL, INC., shall have and recover from the Defendants, RAY R. MARCHAN and The Oil Screw PICHORA, etc., the sum of THIRTEEN-THOUSAND, TWO-HUNDRED FORTY AND 91/100THS ($13,240.91) DOLLARS.

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that the Judgment hereby rendered in favor of the said Intervenor as against the said Defendants shall bear interest at the rate of SIX (6%) PER CENT from December 30, 1996 (which is the date used to calculate the amount of interest due in this proceeding) until the date of judgment, and thereafter, at the rate of TEN PER CENT (10%) until paid.

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that the said Intervenor have and recover from the said Defendants reasonable attorney fees in the sum of ONE-THOUSAND, EIGHT-HUNDRED AND NO/100THS ($1,800.00) DOLLARS for services rendered through the entry of judgment in this case.

All costs of court expended or incurred in this case are hereby adjudged against the Defendants. All writs and processes for the enforcement of this Judgment (including attorney fees) or the costs of court may issue as necessary.

                \*                \*                \*

It is, however, acknowledged that, contemporaneously with the execution of this Agreed Judgment by counsel and the parties, the parties have entered into a settlement in connection with the satisfaction of the said debt (amounts) due from the Defendants, as follows:

AGREED JUDGMENT - PAGE 4

I.

The Plaintiff has agreed that if the Defendants tender the sum of $16,845.15 (representing principal, reducing the principal balance to $300,000.00 on the said vessel loan), and the sum of $30,311.81 (representing interest due through September 4, 1998), for a total of $47,156.96, with a per diem of $86.8070 (from September 5, 1998 until said sum is paid), to the Plaintiff on or by September 18, 1998 at 2:00 P.M., as a "down payment" and a condition precedent to these arrangements, which shall be credited against the total sum due and owing by Defendants to Plaintiff under this Agreed Judgment, Defendants need not discharge the full amounts set forth above in this Agreed Judgment (at Pages 2 - 3) which would otherwise be due to TEXAS BANK & TRUST (now TEXAS STATE BANK), but shall instead pay the following amounts (and perform the following obligations), such that the Plaintiff will finance the balance of the sums due and owing, and will refinance the purchase by the Defendant *in personam* of a condominium unit at South Padre Island as well as the Defendant *in rem* (the vessel).

The balance of the sum due and owing hereunder, taking into account such credits, is to be discharged as follows: in consideration of Plaintiff not proceeding with post-judgment collection remedies such as execution, garnishment, discovery or abstracts of judgment, as well as the sale of the said vessel, the

Plaintiff will loan to Defendant in personam the sum of $284,000.00, of which:

1 - $184,000.00 will be applied to eliminate the principal debt remaining on Unit 1102 at the Bridgepoint Condominiums on South Padre Island, Cameron County, Texas owing to Laredo National Bank, whereby Defendant will (separately and independently of this loan) discharge any interest due thereon (and any closing costs as well), such that the liens and loans of Laredo National Bank (owing by the Defendant in personam) for the purchase of said condominium unit will be discharged in full and released, and Plaintiff (TEXAS STATE BANK) will obtain a first lien on such condominium unit, through a Deed Of Trust and related Real Estate Lien Note to be prepared by counsel for TEXAS STATE BANK, which will finance the said sum ($284,000.00) with a 15-year amortization at the fixed rate of 9.5%, for 5 years (the interest will be set at that rate for 5 years), to be paid in 59 equal monthly installments of $2,965.00, with a balloon (i.e., the balance of principal and any accrued interest thereon) payment due at the end of such 5-year period; and

2 - $100,000.00 will be applied to the principal of the said vessel loan of Plaintiff to Defendant in personam to refinance the purchase of The Oil Screw PICHORA, reducing the principal of the loan to $200,000.00, with all interest paid current, as set forth above, whereby Plaintiff (TEXAS BANK & TRUST, now TEXAS STATE BANK) will continue with its first lien on the vessel by and through a First Preferred Ship's Mortgage on such vessel to secure said loan, through an Extension Of First Preferred Ship's Mortgage Note to be prepared by counsel for TEXAS STATE BANK, which will finance the said sum ($200,000.00) with a 5-year amortization at the fixed rate of 9.5%, for 5 years, to be paid in 20 equal quarterly installments of $10,000.00 principal, plus interest, to begin December 15, 1998, with a final payment due on September 15, 2003.  (If Defendants have any other debt or repayment arrangements with Plaintiff's successor, TEXAS STATE BANK, same is covered by other contractual arrangements and are not covered by this instrument).

In the event of any default in such payments or related obligations (as set forth below), Plaintiff shall be authorized to accelerate the relevant notes and proceed with all available post-

judgment and creditor's remedies available at law or in equity to collect same as against any and all of the Defendants, and shall be entitled to collect any additional attorney fees, expenses and costs that accrue thereby, whether same is collected in court, through foreclosure or in a bankruptcy proceeding.

Default in payments or related obligations includes but is not limited to non-payment, late payment after twenty (20) days, failure to discharge new (1998 and on) or provide proof of payment of property taxes, failure to maintain or provide proof of hazard (fire and contents, as well as liability) insurance, or failure to satisfy any obligation arising under the Deed Of Trust, for the realty loan, and non-payment, late payment after forty-five (45) days, failure to maintain or provide proof of replacement or loss (as well as liability) insurance on the vessel (with a "breach of warranty clause") in the amount of at least $500,000.00 (as to loss), failure to maintain the vessel at generally accepted levels, failure to operate the vessel within the exclusions, restrictions or requirements of the said insurance policy on the vessel (e.g., operating the vessel only in locales covered by the policy, not operating the vessel commercially or for hire, etc.), failure to operate the vessel in accordance with applicable state and federal law, and failure to satisfy any obligation arising under the First Preferred Ship's Mortgage.

In the event that a default occurs in regard to the realty loan, Plaintiff may avail itself of all remedies available to it under Texas law, including but not limited to non-judicial foreclosure. In the event that a default occurs in the vessel loan, Plaintiff may avail itself of all remedies available to it under federal (or Texas) law, including but not limited to non-judicial foreclosure of the vessel, such that if a default continues for more than forty-five (45) days, after proper demand to cure in writing (which may be given prior to such period's commencement or expiration, by and through mail, fax, carrier or hand-delivery), the Defendants will voluntarily surrender the vessel to Plaintiff for a foreclosure sale pursuant to the terms of the First Preferred (Ship's) Mortgage, which provision -- if not honored -- is enforceable upon motion made to this Court, it being the parties' agreement to resolve any default expeditiously and inexpensively through non-judicial foreclosure (in connection with the agreed resolution of this case).

Defendants also agree to discharge attorney fees of the Plaintiff in the following manner: Plaintiff will be paid the sum of $10,000.00 (without interest) in equal monthly installments of $833.33, starting October 1, 1998 and continuing each month until discharged. Any default in payment of this obligation (e.g., non-payment or late payment after 5 days) will enable the Plaintiff to accelerate the entire debt set forth in this instrument (owed to

Plaintiff) and to proceed with all of the post-judgment and creditor's remedies set forth above or available at law or in equity.

## II.

The Defendants, in consideration of the above, hereby agree to execute a Release Of All Claims exonerating the Plaintiff of all claims, counterclaims and set-offs, and consent thereby to a take-nothing judgment under their Counterclaim in this proceeding against Plaintiff.

## III.

The debt owed to Intervenor by the Defendants as set forth above is to be discharged as follows: in consideration of Intervenor not proceeding with post-judgment collection remedies such as execution, garnishment, discovery or abstracts of judgment, as well as the sale of the said vessel, the said sum (i.e., $13,240.91, without interest, plus attorney fees of $1,800.00) shall be discharged by the payment of $13,240.91 on September 18, 1998 and the payment of the attorney fees in equal (except for the last payment, which will be less) bi-weekly (i.e., every 15 days) installments of $500.00, payable to the Intervenor at its counsel's law office on the first of each month, starting October 1, 1998 and continuing until paid in full (i.e., November 15, 1998).

In the event of any default in such payments (to the Intervenor), Intervenor shall be authorized to proceed with all

available post-judgment and creditor's remedies available at law or in equity to collect same as against any or all of the Defendants, and shall be entitled to collect any additional attorney fees, expenses and costs that accrue thereby, whether same is collected in court, through foreclosure or in a bankruptcy proceeding.

   *    *    *    *

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that the said agreement (Paragraphs I. - III. above) is hereby adopted by the Court in disposition of this case, in accordance with its terms.

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that all scheduled sales (of the vessel), bonds securing the release of the vessel, settings in this case and deadlines for pleadings or responses are hereby cancelled.

All other relief not expressly granted is denied. This is a final and non-appealable judgment.

DONE this _8_ day of October, 1998 at Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE

   *    *    *

AGREED JUDGMENT - PAGE 10

AGREED TO BY:

        TEXAS BANK & TRUST, Plaintiff

BY: _____
        Brian G. Janis
        Southern District Of Texas
          Federal Admissions I.D. No. 1201
        (Texas State Bar No. 10570300)

OF COUNSEL:        ATTORNEY-IN-CHARGE FOR PLAINTIFF

SANCHEZ, WHITTINGTON,    100 North Expressway 83
  JANIS & ZABARTE, L.L.P.   Brownsville, Texas 78521-2284
        Telephone: 956/546-3731
        Telefax: 956/546-3766


        RAY R. MARCHAN and The Oil Screw
          PICHORA, etc., Defendants

BY: _____
        Ray R. Marchan
        Southern District Of Texas
          Federal Admissions I.D. No. 9522
        (Texas State Bar No. 12969050)

OF COUNSEL:        ATTORNEY-IN-CHARGE FOR DEFENDANTS

EDDINGTON & ASSOCIATES,   1926 East Elizabeth Street
  L.L.P.                 Brownsville, Texas 78520
        Telephone: 956/546-0333
        Telefax: 956/541-0255

```
                              PERFORMANCE DIESEL, INC., Intervenor


                    BY:     _____
                              Carol T. Kennedy
                              Southern District Of Texas
                                Federal Admissions I.D. No. 8453
                                (Texas State Bar No. 11282500)

OF COUNSEL:                   ATTORNEY-IN-CHARGE FOR INTERVENOR

HAUSLER, FORRA & KENNEDY,     4600 Gulf Freeway, Suite 600
  P.C.                        Houston, Texas 77023
                              Telephone: 713/928-8100
                              Telefax:   713/928-6744


            *                    *                    *



TEXAS STATE BANK - BROWNSVILLE



BY: _____    _____
      LEE KIRKPATRICK, President            RAY R. MARCHAN


                                         PERFORMANCE DIESEL, INC.
ATTEST:


_____         BY: _____
  JAMES O. BROWN, Executive                    MALCOLM PHILLIPS, President
    Vice-President
```

AGREED JUDGMENT - PAGE 12